J-S82028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEWIS E. VEARNON | : | |
| | : | |
| Appellant | : | No. 780 WDA 2017 |

Appeal from the PCRA Order May 10, 2017
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000999-2015

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED DECEMBER 21, 2017**

Appellant Lewis E. Vearnon appeals *pro se* from the Order entered in the Court of Common Pleas of Beaver County on May 10, 2017, dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

On March 9, 2016, Appellant pled guilty to one count of Possession with Intent to Deliver (heroin) and one count of Delivery (heroin).  The trial court sentenced Appellant to twelve (12) months to twenty-four (24) months in prison, and Appellant was made eligible for the Recidivism Risk Reduction Incentive (RRRI) program with his minimum date of nine (9) months' imprisonment.  Appellant also was granted credit for the two hundred nine

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

(209) days of incarceration he had served. Appellant did not file a post-sentence motion or a direct appeal.

On October 7, 2016, Appellant filed a timely PCRA petition *pro se*. Counsel was appointed and filed a petition to withdraw and a "no merit letter" on January 31, 2017. In its Order entered on February 27, 2017, the trial court granted counsel's petition to withdraw. After providing the necessary notice pursuant to Pa.R.Crim.P. 907 and reviewing Appellant's answer thereto, the PCRA court dismissed Appellant's PCRA petition without a hearing on May 10, 2017. Appellant timely appealed.

The PCRA court ordered Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on June 30, 2017. The PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on August 8, 2017.

In his brief, Appellant presents the following Statement of Questions Involved:

> I.     Whether the trial court erred in dismissing Appellant's petition for post-conviction collateral relief without first granting a hearing to determine whether Appellant's constitutional right to a direct appeal was violated by counsel's failure to file an appeal when requested, where Appellant has never had a direct appeal and claims ineffective assistance of counsel for not challenging the propriety of sentencing and where Appellant alleges that he directed prior counsel to file such an appeal?

> II.     Whether Appellant's plea and jury waiver was <u>not</u> knowing and voluntary due to counsel's ineffectiveness, and whether Appellant's claim that his plea and jury waiver was <u>not</u> knowing

and voluntary due to counsel's ineffectiveness was resolved by the trial court's analysis?

III. Whether the trial court erred in permitting appointed counsel to withdraw appearance, and whether appointed counsel was ineffective for not pursuing the legal interests of Appellant?

Brief for the Appellant at 7 (underline in original; unnecessary capitalization omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251, 1252 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). However, we give no such deference to the trial court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super 2012).

To be eligible for relief pursuant to the PCRA, an appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). Appellant also must establish that the issues raised in the PCRA petition have not been litigated or waived previously. 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on

- 3 -

appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Appellant's issues also challenge the effectiveness of trial and/or PCRA counsel. When considering claims of counsel's ineffectiveness, we are guided by a well-settled standard of review:

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa.Super. 2008) (citations and quotation marks omitted).

Appellant first maintains the PCRA court erred in dismissing his petition without an evidentiary hearing because counsel failed to file a requested direct appeal. As stated previously, Appellant entered a negotiated guilty plea. "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003) (internal citation omitted). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of

his plea and that he knowingly and voluntarily decided to enter the plea."

***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa.Super. 2015) (citation omitted).

In addition, "[a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super. 2005); Pa.R.Crim.P. 590, Comment.

Herein, the record reflects that Appellant's plea was entered into knowingly and voluntarily. During the plea and sentencing hearing, Appellant was informed of and admitted to the charges against him, ***see*** N.T., 3/9/16, at 10, 14; the factual bases for the plea, ***see id***. at 14-15; his right to a jury trial, ***see id***. at 10; the presumption of innocence, ***see id***. at 10-11; the sentencing ranges, ***see id***. at 10; and the fact that his plea constituted a violation of his state parole, ***see id***. at 11. Several times, the trial court noted its sentence was favorable to Appellant N.T. 3/9/16, at 5, 16.[2]

---

[2] The bottom of the standard range would have been twenty-seven months' imprisonment and the bottom of the mitigated range was twenty-one months' imprisonment; thus, the negotiated sentence was completely outside the Sentencing Guidelines. N.T., 3/9/16, at 5.

Appellant acknowledged he had filled out the written plea colloquy form shown to him and indicated that he fully understood his rights, as set forth in the written colloquy, and was satisfied with his plea counsel's advice to him. *Id.* at 12, 15-16. Appellant was informed that if the trial court were to accept his guilty plea and impose the negotiated sentence, he would be limited to only four potential grounds upon which he may pursue an appeal— lack of jurisdiction, illegality of sentence, ineffective assistance of counsel and failure to enter a knowing and intelligent plea. *Id*. at 16-17. Appellant also understood the time period in which he must file a post-sentence motion and a direct appeal. *Id*. at 22.

At the conclusion of the hearing, defense counsel indicated Appellant wished to formally withdraw an outstanding Rule 600 motion. The trial court explained to Appellant that were it to sentence Appellant at that time without ruling on the motion, Appellant would be waiving any right he otherwise may have had to request the court to consider it. *Id*. at 19-20. At that juncture, Appellant indicated he understood the ramifications of a withdrawal of the Rule 600 motion. *Id*. at 20.

In light of the foregoing, we find the record establishes that Appellant tendered a knowing, intelligent plea and received a favorable sentence; thus, there is no merit to Appellant's underlying claim that he was prejudiced by counsel's failure to file a direct appeal on his behalf, and his claim of ineffective assistance of plea counsel necessarily fails. ***See Commonwealth***

*v. Reaves*, 592 Pa. 134, 148 n. 10, 923 A.2d 1119, 1128 n. 10 (2007) (concluding that the failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim).

For the same reasons, we find no merit to Appellant's second claim that plea counsel's ineffectiveness caused him to enter an involuntary plea. Appellant represents that he lied during his plea colloquy so that he could pursue his outstanding Rule 600 motion after his plea and sentencing. As stated above, the record belies this contention, for the trial court addressed the motion and informed Appellant that by entering his plea, he would be unable to pursue it further.

Finally, Appellant avers the trial court erroneously permitted PCRA counsel to withdraw and asserts appointed counsel was ineffective for failing to pursue his legal interests. PCRA counsel cannot be held ineffective merely for petitioning to withdraw as she is permitted to do under *Turner*/*Finley*. *See Commonwealth v. Cherry*, 155 A.3d 1080, 1083 (Pa.Super. 2017) ("When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Turner*/*Finley*." (footnote omitted)).

As stated above, appointed PCRA counsel filed a petition to withdraw and a "no-merit" letter. In *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) this Court restated the procedures to be followed when

counsel seeks to withdraw in post-conviction proceedings. *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988). In *Turner*, our Supreme Court endorsed an independent review by the court of the record as a follow-up to counsel's "no-merit" letter. The independent review necessary to secure a withdrawal request by counsel requires proof that: PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review; PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed; PCRA counsel explained, in the "no-merit" letter, why petitioner's issues are meritless; the PCRA court conducted its own, independent review of the record and; the PCRA court agrees with counsel that the petition is meritless. *See*, *Finley*, 550 A.2d at 215. The PCRA court's assessment is subject to appellate scrutiny to assure that these constraints are followed. *See*, *Turner*, *supra*; *Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa.Super. 1993). Furthermore, pursuant to *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super. 2006), counsel must forward to the petitioner a copy of the "no-merit" letter and a statement advising the petitioner that, were the PCRA court to grant counsel's application to withdraw, the petitioner has the right to proceed *pro se* or with the assistance of privately retained counsel.

Instantly, PCRA counsel complied with all of the above requirements as set forth in *Turner/Finley*. She reviewed Appellant's issues raised in his *pro se* PCRA petition and concluded that none had merit. Counsel further

concluded that, after a thorough review of the record, no other grounds for relief were present. The PCRA court, after conducting its own independent review, agreed with counsel that there were no meritorious issues entitling Appellant to relief. For these reasons, we conclude that the PCRA court did not err in permitting PCRA counsel to withdraw and dismissing Appellant's petition without an evidentiary hearing. As such, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2017